**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWANT SINGH, | No. 06-72978 |
| Petitioner, | Agency No. A097-548-914 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: REINHARDT, BERZON and CALLAHAN, Circuit Judges.

Balwat Singh petitions for review of a decision of the Board of Immigration

Appeals (BIA) affirming an Immigration Judge's (IJ) denial of Singh's application

for asylum, withholding of removal, and relief under the United Nations

Convention Against Torture (CAT). We grant the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The BIA expressly relied on a line of its decisions that stand for the proposition that, even when "an adverse credibility determination would not be appropriate," an applicant seeking asylum or withholding of removal must still produce corroborating evidence if his testimony is not sufficiently "believable, consistent," and "detailed." *See Matter of S-M-J-*, 21 I. & N. Dec. 722, 729, 731 (BIA 1997). Those cases hold that the absence of corroborating evidence can constitute a failure by an otherwise credible applicant to meet his "burden of proof" with respect to establishing eligibility for asylum or withholding of removal. *Id*. at 731. Following those cases, the BIA held that Singh "failed to carry his burden of proof."

Here the BIA stated that Singh "failed to credibly establish his identity," but gave as reasons for this conclusion only that Singh did not produce corroborating evidence such as an original passport or a birth certificate. Taken in the context of the BIA's discussion of the need for applicants to produce corroborating evidence even when the agency does not make an adverse credibility determination, this statement regarding Singh's credibility does not satisfy our requirement that adverse credibility determinations be express. *See, e.g., Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1191 (9th Cir. 2005); *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137–38 (9th Cir. 2004). Nor was there any such express credibility finding with

-2-

regard to whether the incidents and circumstances to which Singh testified actually occurred.

**2.** In the absence of an explicit adverse credibility determination, the BIA erred by requiring Singh to produce evidence corroborating his testimony. Pre-REAL ID Act law applies in this case. For pre-REAL ID cases, the "rule established in [the line of cases relied on by the BIA] . . . is unequivocally contrary to the rule in this circuit." *Ladha v. INS*, 215 F.3d 889, 899 (9th Cir. 2000); *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000). Because no explicit adverse credibility determination was made, Singh's testimony, including his affirmations of his identity and his descriptions of his arrest and abuse, should have been credited as true. *See Singh v. Gonzales*, 491 F.3d 1019, 1025 (9th Cir. 2007). Taking Singh's testimony that he was Singh as true, it necessarily follows that Singh established his identity. The only question remaining was "whether these facts [to which Singh testified], and their reasonable inferences, satisf[ied] the elements of the claim for relief. No further corroboration [was] required." *Ladha*, 215 F.3d at 900; *see also Karapetyan v. Mukasey*, 543 F.3d 1118, 1124 (9th Cir. 2008); *Kataria*, 232 F.3d at 1114.

**3.** Neither the IJ nor the BIA articulated an intelligible holding as to whether Singh's testimony, if credited as true, would have demonstrated that he was

persecuted on account of his membership in a protected group and therefore eligible for asylum or entitled to withholding. "We will not 'guess at the theory underlying' the IJ's or the BIA's opinion," and therefore must remand to the BIA for consideration of this issue in the first instance. *Recinos de Leon*, 400 F.3d at 1189, 1194 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 197 (1947)).

Because the BIA failed to credit Singh's testimony as true for purposes of determining whether Singh established eligibility for asylum or entitlement to withholding of removal, we assume that the BIA made the same error with respect to assessing Singh's CAT claim, as the BIA made no indication to the contrary. We therefore remand to allow the BIA to determine whether Singh qualified for relief under CAT.

We grant Singh's petition and remand to the BIA for further proceedings consistent with this Memorandum.

**PETITION GRANTED**; **REMANDED**